UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NEW YORK LIFE INSURANCE COMPANY,

                Plaintiff,

**DECISION AND ORDER**
09-CV-1075A

    v.

DANYAL HASSAN et al.,

               Defendants.

## INTRODUCTION

On April 16, 2010, plaintiff New York Life Insurance Company filed a motion for dismissal from this case and for costs and attorney fees that it incurred when commencing the case and depositing the insurance proceeds in question with the Clerk of the Court. In support of its motion, plaintiff asserts that it has served all of the named defendants and that the Court now has custody of the proceeds. For the reasons that follow, the Court will hold the motion in abeyance and will direct plaintiff to file supplemental information about the citizenship of the named defendants.

## BACKGROUND

This interpleader case concerns the proceeds of a life insurance policy that decedent Aasiya Z. Hassan purchased several years before her death in February 2009. In or around July 2006, decedent purchased a 20-year term life

insurance policy from plaintiff that had a death benefit of $450,000. According to the information available in the docket, decedent's application for the policy listed five beneficiaries with percentage interests in the proceeds: her son, defendant Danyal Hassan (29%); her daughter, defendant Rania Hassan (29%); her sisters, defendants Salma Zubair (22%) and Asma Firfrey (15%); and her brother, defendant Haaris Zubair (5%). In June 2008, plaintiff received a written change of beneficiary form, ostensibly signed by decedent in the presence of a witness named Mujtaba Hassan. This change of beneficiary form would replace all previous beneficiaries with the following beneficiaries and corresponding percentage interests: Muzzammil Hassan, decedent's husband (40%); Sonia Hassan, decedent's stepdaughter (20%); Michael Hassan, decedent's stepson (20%); and Ahmed Arif, decedent's nephew (20%). In the months after decedent's death, however, a dispute arose between the original and the second set of beneficiaries concerning the validity of the change of beneficiary form. More specifically, plaintiff received information suggesting that the change of beneficiary form was fraudulent and that decedent's signature was forged.

Unable to resolve the dispute among the beneficiaries with the information that it had on file, and concerned about the possibility of double litigation, plaintiff commenced this case by filing an interpleader complaint on December 17, 2009. Plaintiff named both the original and the second set of beneficiaries as defendants and asserted that this Court had jurisdiction over the case pursuant to

2

28 U.S.C. § 1335(a). On January 6, 2010, plaintiff deposited the proceeds of decedent's life insurance policy with the Clerk of the Court. On January 27, 2010, plaintiff filed a motion for permission to use alternative means of service of process for some of the named defendants. The Court granted that motion on February 17, 2010. On March 10, 2010, defendants Danyal Hassan and Rania Hassan, by way of their guardian, filed an answer and claim. In support of the pending motion, plaintiff asserts that it has fulfilled all of the statutory criteria to sustain an interpleader action and that it has fulfilled its obligations in this case. Plaintiff asserts further that it has incurred costs and fees related solely to this case and not to any of its ordinary business, and that reimbursement of those costs and fees is appropriate.

**DISCUSSION**

Under 28 U.S.C. § 1335(a), this Court has subject-matter jurisdiction over interpleader cases of a minimum value if "(1) Two or more adverse claimants, *of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title*, are claiming or may claim to be entitled . . . to any one or more of the benefits arising by virtue of any . . . policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff . . . has paid the amount of or the loan or other value of such instrument . . . into the registry of the court, there to abide the judgment of the court . . . ." *Id.* (emphasis added). This case involves life insurance proceeds well above the minimum threshold value, proceeds that

plaintiff already has deposited with the Clerk of the Court. The more important question, therefore, is whether the named defendants are "diverse" for purposes of Section 1335. Because the Court does not expect papers in opposition to plaintiff's motion, and because diversity of citizenship affects subject-matter jurisdiction, this Court has reviewed the question of diversity of citizenship on its own initiative. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[I]n our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction. Where jurisdiction is lacking, moreover, dismissal is mandatory.") (internal quotation marks and citations omitted); *see also Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("We cannot avoid addressing the threshold question of jurisdiction simply because our finding that federal jurisdiction does not exist threatens to prove burdensome and costly, or because it may undermine an expensive and substantially completed litigation.") (citation omitted).

"The interpleader statute, 28 U.S.C. s. 1335, applies where there are 'Two or more adverse claimants, of diverse citizenship * * *.' This provision has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *State Farm Fire & Cas. Co. v.*

*Tashire*, 386 U.S. 523, 530 (1967) (citations omitted). Nonetheless, the minimal diversity in any interpleader case has to meet the definition of diversity under 28 U.S.C. § 1332. Section 1332 defines four acceptable types of diversity of citizenship: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." *Id.* § 1332(a). All four of these definitions require that at least one litigant in question have citizenship in a domestic state, *i.e.*, a state of the United States. Plaintiff's assertion that two of the defendants are citizens of Pakistan while one is a citizen of South Africa (Dkt. No. 24 ¶ 16) will not satisfy the requirements of Section 1332, because these defendants appear to be domiciled outside the United States. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.") (internal quotation marks and citations omitted). That defendants Danyal Hassan and Rania Hassan may be United States citizens (*see* Dkt. No. 1 ¶¶ 6–7) in itself does not help plaintiff because "United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, so that § 1332(a) does

5

not provide that the courts have jurisdiction over a suit to which such persons are parties." *Herrick*, 251 F.3d at 322 (internal quotation marks and citations omitted). Nor can the Court rely on the assertion in plaintiff's complaint (Dkt. No. 1 ¶¶ 12–14) that three named defendants—Muzzamil Hassan, Sonia Hassan, and Michael Hassan—have unknown citizenship but reside in Erie County. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is also clear that a statement of the parties' residence is insufficient to establish their citizenship.") (citations omitted).

As a result of its inquiry into diversity of citizenship, the Court concludes that it cannot rule on plaintiff's motion at this time, and that it may lack subject matter jurisdiction over this case. In fairness to plaintiff, however, the Court notes that information not currently filed in the docket may yet confirm the Court's jurisdiction. For example, plaintiff might be able to confirm that defendants Muzzamil Hassan, Sonia Hassan, and Michael Hassan are considered domiciled in New York for purposes of Section 1332, or that they have a residency status that would satisfy the last sentence of Section 1332. *See* 28 U.S.C. § 1332(a) ("For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."). If no defendant can be considered domiciled in New York then plaintiff might be able to argue that this Court has jurisdiction pursuant to Rule 22 of the Federal Rules of Civil Procedure.

*See, e.g.*, 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1703 (3d ed. and 2010 update) (comparing rule and statutory interpleader). Alternatively, plaintiff might be able to establish that the citizenship or domicile status of the two guardians or administrators involved in this case, Acea M. Mosley or Thomas F. Hewner, can satisfy the requirements of Section 1332. In any event, and without commenting on the merits of any possible arguments, the Court will give plaintiff an opportunity either to provide additional factual information that will address the Court's jurisdictional concerns, or to argue that the information already provided somehow suffices to confer subject matter jurisdiction. Plaintiff shall have 30 days to file this information. The Court will hold plaintiff's motion in abeyance during this time.

## CONCLUSION

For all of the foregoing reasons, the Court will hold plaintiff's pending motion (Dkt. No. 23) in abeyance and directs plaintiff to provide supplemental information as noted above. Plaintiff shall file this supplemental information within 30 days of entry of this Order, at which time the Court will deem plaintiff's motion submitted unless it directs otherwise.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: April 22, 2010