UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

NEW YORK LIFE INSURANCE COMPANY,

                Plaintiff,

                                                  **DECISION AND ORDER**
                                                      09-CV-1075A

      v.

DANYAL HASSAN et al.,

                Defendants.

───────────────────────────────

**INTRODUCTION**

On April 16, 2010, plaintiff New York Life Insurance Company filed a motion for dismissal and for costs and attorney fees that it incurred when commencing the case and depositing the insurance proceeds in question with the Court. This Court has held the motion in abeyance and has issued orders directing plaintiff to provide supplemental information confirming its jurisdiction over the case. The Court was concerned that the minimal diversity needed in statutory interpleader cases might not be present here. Plaintiff now has filed supplemental information in evidentiary form that satisfies the Court's concerns about jurisdiction. Consequently, the Court will grant plaintiff's motion and award costs and fees as described below.

## BACKGROUND

The Court set forth the relevant background for this case in its Decision and Order (Dkt. No. 27) holding plaintiff's motion in abeyance. Briefly, this case is an interpleader case concerning the proceeds of a life insurance policy that decedent Aasiya Z. Hassan purchased from plaintiff several years before her death in February 2009. The proceeds amount to $450,000. Plaintiff commenced this case and deposited the proceeds with the Court once it realized that it could not resolve whether a change-in-beneficiary form that it received in June 2008 had been authentic. After depositing the proceeds with the Court and serving all the potential claimants, plaintiff made the pending motion and sought dismissal on the grounds that it commenced this case properly and that it fulfilled all of its obligations here.

When the Court held the pending motion in abeyance, it did so out of concern that the none of the named defendants was known to be a citizen of a domestic state, *i.e.*, a state in the United States. As explained in the previous Decision and Order, even the "minimal diversity" rules governing statutory interpreter cases require that at least one defendant be a citizen of a domestic state. Of the defendants whose citizenship was known at the time, all of them were citizens of foreign countries. The citizenship of a few of the named defendants, including Sonia Hassan, Michael Hassan, and Acea M. Mosey, was uncertain. The Court gave plaintiff an opportunity to file supplemental information

concerning the citizenship of those defendants. Plaintiff filed supplemental information on May 21, 2010 (Dkt. Nos. 28–31), but out of an abundance of caution, the Court wanted to ensure that any information that it reviewed was in evidentiary form. Accordingly, the Court issued a second Order on June 10, 2010 (Dkt. No. 32) directing the filing of affirmations from defendants Sonia and Michael Hassan along with those documents from Erie County Surrogate's Court that would confirm the appointment of Ms. Mosey as the administrator of the decedent's estate. Plaintiff filed the requested information on June 29, 2010 (Dkt. No. 33).

## DISCUSSION

### *Confirmation of Jurisdiction*

Without repeating the analysis from the Court's previous Decision and Order, the statutory interpleader rule in 28 U.S.C. § 1335(a) requires "minimal diversity," meaning diversity of citizenship between at least two defendants. The statutory interpleader rule refers to the general diversity jurisdiction statute, 28 U.S.C. § 1332, for a definition of diversity. All four definitions of diversity found in Section 1332 require that at least one litigant be a citizen of a domestic state.

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42

3

(2d Cir. 2000) (internal quotation marks and citations omitted).  Here, defendants Sonia and Michael Hassan have submitted affirmations setting forth multiple indicia of New York citizenship.  They have resided continuously in New York State since they were young children.  They currently attend the State University of New York at Buffalo.  They each hold New York driver's licenses and pay New York taxes.  They both consider New York to be their full-time place of residence and have no intention of moving anytime soon.  Additionally, plaintiff has submitted the Certificate of Appointment from Erie County Surrogate's Court confirming that Ms. Mosey is the administrator of the decedent's estate.  Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent" for cases such as this one.  The evidence available in the docket indicates that the decedent was a citizen of New York when she died, meaning that Ms. Mosey would be considered a citizen of New York.  Plaintiff thus has confirmed to the Court's satisfaction that three named defendants are New York citizens.

With the other named defendants being citizens of Pakistan and South Africa, plaintiff now has established the minimum diversity necessary for the Court to continue to exercise jurisdiction over this case.  Since plaintiff deposited the life insurance proceeds in question in January 2010, it has no other obligations to fulfill.  Accordingly, the Court will dismiss plaintiff from the case.

***Costs and Attorney Fees***

"The general rule is that a party properly invoking interpleader is entitled to costs and attorney's fees, particularly when that party asserts no claim upon the res deposited with the Court." *Chem. Bank v. Richmul Assocs.*, 666 F. Supp. 616, 619 (S.D.N.Y. 1987) (citations omitted). "[A]ny attorney—whether a private practitioner or an employee of a nonprofit law office—who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "In determining the amount of attorneys' fees awarded, courts typically weigh several factors. Relevant factors may include the complexity of the case, whether the stakeholders performed any unique services to the court or claimant, good faith and diligence on the part of the stakeholder, whether the services rendered benefitted the stakeholder, and to what extent the stakeholder protracted the proceedings." *Landmark Chems., SA. v. Merrill Lynch & Co.*, 234 F.R.D. 62, 63–64 (S.D.N.Y. 2005) (citations omitted).

Here, plaintiff has submitted an itemization of the hours that it spent working on the case. "The typical interpleader claim does not involve extensive or complicated litigation, and thus fees should be 'relatively modest,'" *Estate of*

5

*Ellington v. EMI Music Publ'g*, 282 F. Supp. 2d 192, 194 (S.D.N.Y. 2003) (citation omitted), but the Court does appreciate the extra time that plaintiff had to spend on the unusual issues of foreign service of process and confirmation of citizenship. That said, though, the Court is concerned that plaintiff's request for nearly $50,000–one-ninth of the entire amount of the life insurance proceeds–covering 165.3 hours appears excessive. Several corrections are necessary.

First, plaintiff's itemization includes entries totaling 2.4 hours for "docketing" and research into "reporting requirements for court payment." The Court will disregard these hours because they describe tasks of only a clerical nature.

Next, plaintiff's itemization includes multiple entries about unspecified conferences, telephone calls, e-mail correspondence, "reviews," and "work." These entries at times appear somewhat repetitive, and they do not make clear how the time described advanced the filing of the complaint and the confirmation of diversity of citizenship. *Cf. Sabatini v. Corning-Painted Post Area Sch. Dist.*, 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001) (Larimer, *C.J.*) (finding as inadequate billing entries like "hearing preparation," "prepare for hearing," "review records," "telephone conference with client," and "prepare for discovery"). The itemization also includes 8.7 hours for preparation of the application for costs and fees, even though the motion papers contain only five affirmation paragraphs and two memorandum pages regarding the entitlement to attorney fees. A reduction in

6

the hours claimed is appropriate under these circumstances, but because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application," *Walker v. Coughlin*, 909 F. Supp. 872, 881 (W.D.N.Y. 1995) (Larimer, *J.*) (internal quotation marks and citations omitted), the Court finds that a 25% across-the-board reduction in claimed hours is appropriate. *See Disabled Patriots of America, Inc. v. Niagara Group Hotels, LLC*, 688 F. Supp. 2d 216, 227 (W.D.N.Y. 2010) (Skretny, *C.J.*) (applying percentage reduction) (citing *Sabatini*). The adjusted total of claimed time thus amounts to 122.18 hours.

Finally, the Court needs to assess the appropriate hourly rate for plaintiff's itemization. To the Court's best knowledge, every attorney listing entries in the itemization is a partner at the firm that has represented it. Across different types of cases, the highest hourly rate that this District currently awards for partners is $240 per hour. *See id.* at 225. The Court will apply this hourly rate to the adjusted total of 122.18 hours to arrive at a fee total of $29,323.20.

The claimed $2,908.50 in costs appear reasonable. The Court accepts those costs without modification.

In total, the Court arrives at a final award of costs and fees totaling $32,231.70.

## CONCLUSION

For all of the foregoing reasons, the Court grants plaintiff's motion to dismiss (Dkt. No. 23) and awards plaintiff $32,231.70 in costs and fees from the

life insurance proceeds on deposit. The Clerk of the Court is directed to take the steps necessary to arrange for the above payment and to terminate plaintiff from the docket.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 4, 2010